IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 16, 2016 at Knoxville

## STATE OF TENNESSEE v. JAMES RAY BARTLETT

**Appeal from the Circuit Court for Lincoln County**
**Nos. 009-89, 285-90, 286-90, S0800007    Forest A. Durand, Jr., Judge**

_____

**No. M2016-00217-CCA-R3-CD – Filed August 26, 2016**

_____

The defendant, James Ray Bartlett, appeals the dismissal of his motion, filed pursuant to Tennessee Rule of Criminal Procedure 36.1, to correct what he believes to be an illegal sentence. In this appeal, the defendant asserts that the trial court erred by denying his motion on the grounds that his sentence had expired. Because Rule 36.1 cannot avail the defendant of meaningful relief, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

M. Wesley Hall, IV, Unionville, Tennessee, for the appellant, James Ray Bartlett.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Assistant Attorney General; Robert J. Carter, District Attorney General; and Ann L. Filer, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case has quite a convoluted history. It appears that the defendant, in 1989, pleaded guilty in case number 009-89 to aggravated assault in Lincoln County in exchange for a two-year sentence. At some point, the defendant was placed on probation, and in 1990, the defendant was extradited from Alabama to Lincoln County for, *inter alia*, violating his probation in case number 009-89. The defendant escaped from custody in June of 1990. On November 2, 1990, the defendant pleaded guilty to two counts of aggravated burglary in Moore County in case numbers 717-90 and 718-90 and received concurrent four-year sentences. Two weeks later, the defendant pleaded guilty to four counts of felony theft in Lincoln County in case numbers 283-90, 284-90, 285-90, and 286-90. The defendant was sentenced to four years' incarceration on each of the four

convictions, to be served consecutively to one another and to the four-year sentence in Moore County and to be served concurrently to the two-year sentence in case number 09-89, for an effective sentence of 20 years. At some point thereafter, the defendant was convicted in Lincoln County in case number S0800007 of five counts of aggravated burglary, four counts of felony theft, one count of felony vandalism, one count of misdemeanor theft, and one count of misdemeanor vandalism. On October 21, 2008, the defendant received an effective sentence of 30 years' incarceration as a Range III, persistent offender.

On July 13, 2015, the defendant challenged, via Tennessee Rule of Criminal Procedure 36.1, the concurrent alignment of his sentence in case number 009-89 with his sentences in cases 283-90 through 286-90. The defendant posited that, because the felony thefts were committed during the time period in which he had escaped custody, his sentences for those crimes must be served consecutively by law and that the agreement to run the sentences concurrently with the sentence in case 009-89 resulted in an illegal sentence. The defendant sought to vacate the 1990 plea agreement and amend the plea agreement in case number S0800007 because the sentence in that case had been improperly enhanced by the 1990 convictions.

The trial court conducted a hearing on November 17, 2015, and shortly thereafter issued a written order denying the defendant's motion, concluding that the defendant's 1990 sentences had expired and thus were not justiciable under Rule 36.1.

In this appeal, the defendant reiterates his claim of entitlement to Rule 36.1 relief on grounds that his 1990 sentences were illegal due to concurrent alignment and that his 2008 sentence was thus illegal due to improper enhancement.

Rule 36.1 provides the defendant and the State an avenue to "seek the correction of an illegal sentence," defined as a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1; *see also State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015) (holding that "the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context"). To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a defendant must "state with particularity the factual allegations," *Wooden*, 478 S.W.3d at 594, establishing "a colorable claim that the sentence is illegal," Tenn. R. Crim. P. 36.1(b). "[F]or purposes of Rule 36.1 . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. The determination whether a Rule 36.1 "motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which

de novo review applies." *Id.* at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)).

Recently, our supreme court addressed the issue of whether Rule 36.1 relief extends to the correction of expired illegal sentences. *State v. Brown*, 479 S.W.3d 200, 205 (Tenn. 2015). The high court held that Rule 36.1 "does not expand the scope of relief and does not authorize the correction of expired illegal sentences" and, accordingly, "a Rule 36.1 motion may be summarily dismissed for failure to state a colorable claim if the alleged illegal sentence had expired." *Id.* at 211.

In the instant case, the trial court determined, and the defendant agreed, that the defendant's sentence had fully expired by the time he filed his Rule 36.1 motion. The record before us *appears* to support the finding that the defendant's sentence had expired, but because the defendant was clearly out of prison for some period of time in order to commit the crimes for which he was convicted in 2008 and because the record does not indicate the length of that time period, we cannot say with certainty that the record supports a finding that the 20-year effective sentence had expired. In any event, the onus was on the defendant to show that his sentence had not yet expired. *See generally Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994); *see also State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993) (holding that appellant bears the burden of preparing adequate record on appeal). Finally, the defendant's claim that his sentence in case number S0800007 had been improperly enhanced by the allegedly illegal 1990 sentence is not a cognizable claim for relief under Rule 36.1.

Accordingly, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE